{¶ 44} I concur in the majority's decision regarding I and II but disagree on III. In Ohio Farm Bureau I the appellants maintained the agreement between the parties which gave rise to the debt was Farm Bureau's desire to fund appellants' "takings" lawsuit. No lawsuit was ever filed, and appellants argued the reason no "takings" lawsuit was ever filed was because of actions taken by the Farm Bureau in abandoning their cause. Appellants urged they had a colorable claim, but were prohibited from pursuing it because Farm Bureau declined to continue to fund the lawsuit, and the cost was prohibitive to appellants, Ohio FarmBureau I, paragraphs 51-51.
 {¶ 45} While the loan agreement the parties signed may not contain an express provision requiring them to perform under the contract so as to achieve its purpose, I find equitable estoppel should apply. The trial court's and the majority's ruling effectively defeat the entire purpose the parties entered into the contract, namely, so appellants could bring a "takings" lawsuit. The appellants allege appellees backed out of their part of the bargain in abandoning the case before it was filed. While law of the case does not mean they win this argument they should be permitted to make it.
 {¶ 46} I would sustain the first assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to Appellants.